Filed 12/8/23  P. v. Rivera CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C097733 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF06527, 22CF05627 ) |
| v. | |
| RICHIE JOE RIVERA, | |
| Defendant and Appellant. | |

Defendant Richie Joe Rivera contends that several fees imposed by the trial court as part of his sentence in case No. 20CF06527 (the elder abuse case)[1] must be vacated due to recently enacted legislation.  The People agree.  We modify the judgment to vacate

---

[1]     Although defendant filed a notice of appeal in two different cases, the only issue raised in defendant's brief concerns the elder abuse case.  As such, this opinion only addresses the judgment from that case.

1

those fees, direct preparation of an amended abstract of judgment as necessary, and otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

As relevant here, on April 1, 2021, defendant pled no contest in the elder abuse case to elder or dependent adult abuse, battery, and disobeying a domestic relations court order. On April 29, 2021, the trial court imposed the upper term of four years imprisonment for the elder abuse conviction and concurrent terms of six months for the battery and one year for disobeying a court order. The court suspended execution of that sentence and granted defendant three years' formal probation. The court also ordered defendant to pay a monthly $164 probation supervision fee (Pen. Code,[2] former § 1203.1b) and a $25 criminal justice administration fee (Gov. Code, former § 29550.2, subd. (a)).

The trial court terminated defendant's probation as unsuccessful on December 29, 2022, and lifted the stay of execution of the previously imposed sentence. The court then resentenced defendant to the middle term of three years for the elder abuse conviction pursuant to section 1170, subdivision (b)(6). At the sentencing hearing, the court pronounced that "[i]n [the elder abuse case], previously imposed fines, fees, and any restitution are reimposed."

Defendant timely appealed the judgment in the elder abuse case as well as the judgment in a different matter, case No. 22CF05627.

## DISCUSSION

Defendant's sole contention on appeal is that the criminal justice administration fee and probation supervision fee imposed in the elder abuse case should be vacated as they are no longer authorized. The People agree, as do we.

---

[2]      Undesignated statutory references are to the Penal Code.

Effective July 1, 2021, Assembly Bill No. 1869 (2019-2020 Reg. Sess.) "eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and . . . eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees." (Stats. 2020, ch. 92, § 2.) As relevant here, the bill repeals the authority to collect the Penal Code former section 1203.1b probation supervision fee and the Government Code former section 29550.2 criminal administration fee challenged by defendant. (Stats. 2020, ch. 92, §§ 25, 48.) It also renders any balance as to those fees uncollectible and directs that any portion of a judgment imposing those costs be vacated. (Pen. Code, § 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).)

Before reaching the merits, we must address a threshold issue. Generally, "where the erroneous imposition or calculation of fines, penalty assessments, surcharges, fees, or costs are the sole issue on appeal," an appeal may not be taken on that basis unless it is first presented to the trial court. (§ 1237.2.) Defendant did not present the fee issue now raised at any time in the trial court. But, relying on *People v. Clark* (2021) 67 Cal.App.5th 248, defendant argues he was not required to do so because the fees were not erroneous when originally imposed in April 2021. Rather, the fees became unauthorized later due to a change in the law. In similar circumstances, the court in *Clark* reasoned that "[b]ecause there was no 'error in the imposition or calculation of fines, penalty assessments, surcharges, fees, or costs' (§ 1237.2) at the time the challenged fees and fines were imposed, both the letter and underlying rationale of section 1237.2 militate in favor of addressing the issue [the defendant] raises now, rather than requiring him to bring it to the trial court's attention first by motion for correction." (*Clark*, at p. 257.) We adopt this approach and will thus consider defendant's claim.

Although the fees challenged by defendant do not appear to be included in the abstract of judgment, the parties reasonably interpret the trial court's order reimposing all previously imposed fees to include the now-unauthorized criminal justice administration

3

fee and probation supervision fee.  In accordance with Penal Code section 1465.9 and Government Code section 6111, we vacate any portion of the judgment imposing those fees.

## DISPOSITION

The judgment in case No. 20CF06527 is modified the vacate the probation supervision fee pursuant to Penal Code former section 1203.1b and the criminal justice administration fee pursuant to Government Code former section 29550.2.  The trial court is directed to prepare an amended abstract of judgment as necessary and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

/s/
ROBIE, J.

We concur:

/s/
EARL, P. J.

/s/
BOULWARE EURIE, J.

4